**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Rachel Sasse,

Plaintiff,

v.

Progressive Advanced Insurance Company,

Defendant.

No. CV-23-02029-PHX-ROS

**ORDER**

Before the Court is the Parties Joint Statement Regarding Disputed Exhibits. (Doc 90). Plaintiff objects to the admission of a report prepared by Defendant's expert, Joel DeCiancio, on the basis of hearsay. Defendant argues the report is admissible under Federal Rules of Evidence 703 and alternatively cites Rule 1006 in an attempt to admit the report as a summary of voluminous writings. Plaintiff argues the report constitutes inadmissible hearsay under Rule 801(c), does not fall into an exception or exclusion under Rule 802, and does not qualify as a summary of voluminous writings under Rule 1006.

For the following reasons, the Court will exclude Mr. DeCiancio's report.

## I. DISCUSSION

### *A. Mr. DeCiancio's Report is Inadmissible Hearsay Under Fed. R. Evid. 801 and 802.*

It is clear Defendant will offer Mr. DeCiancio's report for "the truth of what is asserted" and so the report constitutes hearsay, to which an exception must apply. Under Federal Rules of Evidence 801(c), hearsay is an out-of-court statement offered to prove the

truth of the matter asserted. Hearsay evidence is inadmissible, unless permitted by federal statute, or an exception or exclusion applies. Fed. R. Evid. 802.

Expert reports are generally inadmissible hearsay. *Hunt v. City of Portland*, 599 F. App'x 620, 621 (9th Cir. 2013) (holding written expert report was inadmissible hearsay); *see also Paddack v. Dave Christensen, Inc*., 745 F.2d 1254, 1261-62 (9th Cir. 1984). Here, Defendant seeks to admit Mr. DeCiancio's written report, which contains conclusions he reached after reviewing discovery materials. As the report contains out-of-court statements offered to establish the truth of its contents, it constitutes hearsay under Rule 801(c). Moreover, Defendant has not identified an applicable hearsay exception or exclusion to permit the admission of Mr. DeCiancio's report. Therefore, the report is inadmissible hearsay to which no hearsay exception or exclusion applies.

***B. Mr. DeCiancio's Report is Not Admissible Under Fed. R. Evid. 703.***

Defendant argues Mr. DeCiancio's report is admissible under Federal Rules of Evidence 703. However, Defendant's reliance on Rule 703 is misplaced.

Rule 703 governs the basis of an expert's opinion testimony. The Rule permits an expert to rely on otherwise inadmissible facts or data if the experts in the particular field would reasonably rely on those kinds of facts or data. *Id*. In *Paddack v. Dave Christensen, Inc*., the Ninth Circuit explained Rule 703 to merely allow "such hearsay, or other inadmissible evidence upon which an expert properly relies, to be admitted to explain the basis of the expert's opinion" but "[i]t does not allow the admission of the reports to establish the truth of what they assert." 745 F.2d at 1256. Thus, Rule 703 does not provide an independent basis for admitting an expert report to prove the truth of the conclusions therein. *Id*. at 1261-62.

The Advisory Committee further clarified this distinction, emphasizing that otherwise inadmissible information relied upon by an expert does not become admissible merely because the expert's opinion is admitted. Fed. R. Evid. 703 advisory committee note. Rather, such information may be disclosed to the jury under Rule 703 only when its probative value in assisting the jury to evaluate the expert's opinion substantially

outweighs its prejudicial effect of hearsay. Additionally, the Advisory Committee cautioned against circumventing the Rule by offering or reading significant hearsay information through the expert by merely alleging the expert relied on it.

Here, Plaintiff does not object to Mr. DeCiancio testifying at trial, the objection is limited to the admission of his written report. Indeed, because Mr. DeCiancio will testify at trial, his opinions and the basis for those opinions will be presented to the jury through his testimony. The admission of his written report is therefore unnecessary to "aid the jury in understanding how he formed his opinions." (Doc. 90.) Further applying Rule 703, the Court finds no basis to permit Defendant to read the report to the jury through the expert or offer the report into evidence for the jury's independent review.

***C.*** Therefore, Defendant's reliance on Rule 703 does not overcome the hearsay objection. ***Mr. DeCiancio's Report Is Not Admissible as a Summary Under Fed. R. Evid. 1006.***

Defendant alternatively cites Federal Rules of Evidence 1006, which permits the admission of summaries of voluminous writings. Defendant's argument is unpersuasive.

Rule 1006 allows "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." The Rule further requires the proponent to establish (1) the underlying materials upon which the summary is based are admissible in evidence; and (2) the underlying documents were made available to the opposing party for inspection. *Paddack*, 745 F.2d 1259. The purpose of Rule 1006 is to provide a practical means of presenting contents of voluminous evidence that cannot otherwise conveniently be examined in court. Fed. R. Evid. 1006 advisory committee note.

While Mr. DeCiancio reviewed presumably voluminous discovery materials in preparing his report on this matter, such circumstance alone does not qualify the report as a summary under Rule 1006. The report reflects Mr. DeCiancio's review and analysis of the discovery materials and the conclusions he reached based on his analysis. An expert's review of voluminous documents does not automatically transform the resulting report into

an admissible summary of said documents. Moreover, Defendant made no attempt to demonstrate compliance with Rule 1006's requirements for admission of the report. Defendant merely cites the Rule's general authorization of summaries without explaining how Mr. DeCiancio's report qualifies as a summary.

Therefore, Defendant has failed to establish the report's admissibility under Rule 1006.

Accordingly,

**IT IS ORDERED** Plaintiff's objection in the Joint Statement Regarding Disputed Exhibits (Doc. 90) to exclude Mr. DeCiancio's report is **GRANTED.**

**IT IS FURTHER ORDERED** this ruling does not preclude the use of Mr. DeCiancio's report for other purposes, such as to refresh his recollection under Rule 612, or for impeachment purposes under Rule 613.

**IT IS FURTHER ORDERED** this ruling does not preclude Mr. DeCiancio from disclosing otherwise inadmissible evidence underlying his opinion, provided its probative value in helping the jury evaluate his opinions substantially outweighs its prejudicial effect under Rule 703.

Dated this 22nd day of October, 2026.

Honorable Roslyn O. Silver
Senior United States District Judge